LUBBOCK UNITED GENERAL AGENCY, INCORPORATED, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
LUBBOCK UNITED GEN. AGENCY, INC. v. COMMISSIONER
Docket No. 317-80
United States Tax Court
T.C. Memo 1982-359; 1982 Tax Ct. Memo LEXIS 381; 44 T.C.M. (CCH) 273; June 28, 1982
*381 Excess of reimbursements to its shareholders for travel expenses over amounts actually spent by them for travel held to be nondeductible constructive dividends rather than additional compensation for services rendered. William Norton Baker, for the petitioner. James R. Turton, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined deficiencies of $ 681.78 and $ 4,404.79 in petitioner's Federal income tax for the taxable years 1975 and 1976. After concessions, the sole issue is whether petitioner is entitled to a salary or other compensation expense deduction under section 162(a)[1] for amounts paid to its two shareholders in excess of actual travel expenses incurred *382 or, instead, whether such amounts constitute constructive dividends. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and exhibits attached thereto are incorporated herein by reference. Lubbock United General Agency, Inc. (hereinafter petitioner), is a Texas corporation with its principal office at Lubbock, Texas, at the time it filed the petition herein. It filed corporate income tax returns for the years 1975 and 1976 with the Internal Revenue Service Center, Austin, Texas. Petitioner's primary business in 1975 and 1976 was the sale of crop hail insurance. Petitioner did business through approximately 165 local recording agents within a 325-mile radius of Lubbock, Texas. Local recording agents wrote insurance with farmers, and petitioner rewrote the insurance through the general agents of the companies. Essentially, petitioner acted as a conduit between the local recording agents and the insurance companies in that it collected and paid over the premiums to the insurance companies *383 and paid over the insurance proceeds to the farmers in the event they suffered a loss. Petitioner also adjusted the claims on the insurance written through it. During 1975 and 1976, Johnny Vineyard (Vineyard) and William Grundy (Grundy) each owned 50 percent of petitioner's stock. In addition, both were full-time employees of petitioner and were two of its three directors. In 1975 Vineyard and Grundy each received a salary of $ 12,461.56, and in 1976 they each received a salary of $ 15,876.88. Petitioner has never declared or paid dividends and did not intend to declare dividends in 1975 and 1976. At the end of 1975 and 1976, petitioner had retained earnings of $ 26,236.28 and $ 48,854.56, respectively. Due to the nature of petitioner's business, it was necessary for its employees to travel extensively. The board of directors of petitioner authorized it to reimburse its employees for the travel expenses they incurred in petitioner's behalf. [2] Vineyard and Grundy were under the impression that it was up to them how much travel allowances they drew, and they drew whatever they felt they needed. *384 The following reflects the travel expenses incurred by Vineyard and Grundy during the taxable years in issue and the amounts they were reimbursed: Travel Expense
Amount
Excess Travel
Incurred
Reimbursed
Allowance
1975
Vineyard
$ 10,938.78
$ 10,938.78
--
Grundy
6,062.75
11,264.00
$ 5,201.25
1976
Vineyard
$ 13,043.44
$ 22,063.26
$ 9,019.82
Grundy
7,702.82
16,912.40
9,209.58
Vineyard and Grundy reported the excess travel allowances received as other income on their 1975 and 1976 income tax returns. [3] No social security taxes were paid on these amounts, nor did petitioner withhold any Federal income taxes or include these amounts in Vineyard's or Grundy's W-2 forms. Vineyard and Grundy never discussed whether the excess travel allowances received were additional compensation to them. Petitioner on its 1975 and 1976 returns claimed travel expense deductions of $ 22,802.78 and $ 43,469.64, respectively. [4] Respondent disallowed the travel expense deduction to the extent the claimed deduction included amounts reimbursed to Vineyard and Grundy in excess of the actual travel expenses incurred by them. [5]
*385 OPINION The sole issue is whether petitioner is entitled to a salary expense deduction under section 162(a) for excess travel allowances paid to its two shareholders or instead whether such amounts are nondeductible dividends. [6]
Section 162(a) allows a deduction for all the ordinary and necessary expenses paid in carrying on a trade or business, including a reasonable allowance for salaries, or other compensation, for personal services actually rendered. It is well established that in order for payments to be deductible as salary, a two-pronged test must be met -- (1) the payments must not exceed a reasonable compensation for the services actually rendered and (2) the payments must have been actually intended to be paid for services. Electric & Neon, Inc. v. Commissioner, 56 T.C. 1324, 1340[7] (1971), Paula Construction Company v. Commissioner, 58 T.C. 1055, 1058 (1972), Section 1.162-7(a), Income Tax Regs. The determination *386 of whether the payments were made with the intent to compensate for services is a factual question to be decided on the basis of the particular facts and circumstances of the case. Paula Construction Company v. Commissioner, supra at 1059. Petitioner has the burden of proving that such amounts were intended to be paid as compensation. Electric & Neon, Inc. v. Commissioner, supra.Because Vineyard and Grundy, with respect to whom the deductions are claimed, were in complete control of petitioner's affairs, close scrutiny must be given to the relevant facts in order that we may determine whether the disbursements were payments of compensation or distributions of earnings. Paula Construction Co, v. Commissioner, supra at 1058, citing Northlich, Stolley, Inc. v. United States, 368 F.2d 272, 278 (Ct. Cl. 1966); Mennuto v. Commissioner, 56 T.C. 910, 921 (1971); Perlmutter v. Commissioner, 44 T.C. 382, 401 (1965), affd. 373 F.2d 45 (10th Cir. 1967). *387 Petitioner contends that the payments were both reasonable in amount and intended to be paid as compensation and accordingly are deductible as salary under section 162(a). Respondent counters that petitioner has failed to show that the amounts paid were reasonable or that the amounts paid were intended to be paid as compensation. Based upon our consideration of all the facts and circumstances surrounding the excess travel allowances paid, we are not convinced that such amounts were intended to be paid as compensation. First, we note that petitioner did not treat the payments as salary. Petitioner did not claim the payments as salaries or wages during the years in issue, but rather claimed the amounts as travel expenses, even though it knew that such amounts were not expended for travel. [8] In addition, the payments were not included in Vineyard's or Grundy's W-2 forms, nor were Federal income taxes or social security taxes withheld from such payments. Furthermore, there was no corporate resolution authorizing the excess travel allowances to be treated as salary to Vineyard and Grundy, and they never discussed whether such amounts constituted additional salary or compensation *388 to them. Finally, it is noteworthy that Vineyard and Grundy were under the impression that it was entirely up to them how much money they drew from petitioner for travel allowances, and they drew whatever they felt they needed. (See n. 5, supra.) We believe this shows that the amounts were geared more to the personal needs of Vineyard and Grundy than to the value of the services they performed. See Electric & Neon, Inc. v. Commissioner, supra at 1341. In support of the argument for compensation, petitioner points out that Grundy received more excess travel allowances than Vineyard, and since they were equal shareholders, such payments were not dividends, but rather were salary. The difficulty with this position is that petitioner has failed to show that Grundy rendered more services which entitled him to more compensation than Vineyard. Rather, it appears to us that the payments were geared more to the personal needs of the shareholders and that this explains why the *389 payments were unequal. Petitioner also contends that Vineyard and Grundy included the excess travel allowances as other income on their income tax returns and that this shows that the amounts were intended as compensation. Whether as salary or dividends, the amounts would have had to be reported as income, so petitioner's contention is without merit. Based upon the record as a whole, we do not believe that petitioner has met its burden of proof to show that the payments were intended to be compensation for services rendered. Accordingly, we sustain respondent's determination that the payments were constructive dividends and not deductible by petitioner. [9]
Due to concessions made by the parties, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, and in effect for the taxable years in issue.↩
2. For 1975 the board of directors authorized petitioner to reimburse both Vineyard and Grundy up to $ 1,000 per month or $ 12,000 per year for the expenses they incurred on behalf of petitioner. In 1976 the board of directors authorized petitioner to reimburse the employees of petitioner for all expenses made on its behalf.↩
3. Vineyard and Grundy included the total amount of travel allowances received less the amount of travel expenses actually incurred as other income on their 1040 forms. However, respondent audited Vineyard's and Grundy's returns for 1975 and 1976 and, due to lack of substantiation, disallowed $ 153.84 of Grundy's claimed travel expenses for 1975 and $ 1,332.10 of Vineyard's claimed travel expenses for 1976. Both Vineyard and Grundy agreed to these adjustments. ↩
4. These amounts included $ 600 in 1975 and $ 4,493.98 in 1976 of travel expense reimbursements paid to other employees. ↩
5. Specifically, respondent disallowed $ 5,201.24 of the deduction for 1975 (the amount drawn by Grundy in 1975 in excess of his actual travel expenses incurred) and $ 18,229.40 of the deduction for 1976 (the amount drawn by Vineyard and Grundy in excess of their actual expenses incurred in 1976).↩
6. Petitioner concedes that the amounts are not deductible as travel expenses under sec. 162(a)↩.
7. Respondent does not contend that the payments were unreasonable in amounts, only that petitioner has failed to prove that the amounts were reasonable.↩
8. See Karp v. Commissioner, T.C. Memo. 1976-325↩, where we considered this factor and others in finding that the payments in question were not intended to be salary.
9. Due to our holding, it is unnecessary to determine whether the amounts paid were reasonable.↩